FRANK M. RAMÍREZ, Plaintiff and Appellant, *v.* HERNÁN VARGAS GONZE ET AL., Defendants and Appellees.

No. R-62-302.     Decided June 4, 1963.

E. *Alcaraz Casablanca* for appellant. *Yamil Galib Frangie* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Appellant Frank M. Ramírez, as lessor, and appellees Hernán Vargas Gonze and Pedro Jiménez, as lessees, signed contracts on March 31, 1960, and February 1, 1961, for the occupancy of residential premises in a newly constructed building for a monthly rental of $105, payable monthly in advance. In clause 8 of the contracts it was agreed that "this contract shall take effect immediately after the signing hereof by the contracting parties and shall be in force during such time as the lessee occupies the dwelling; Provided, however, that the minimum lease period shall be twelve months which will expire on . . . after which the contract will be automatically extended on the first day of each succeeding month and for an indefinite period." On May 16, 1962, the Economic Stabilization Office fixed a rental of $125 for each of the premises occupied by appellees.

In an action for declaratory judgment brought by the lessor the trial court ruled that, notwithstanding the action of that administrative agency, the lessees were bound to pay only a rental of $105. We agreed to review the judgment rendered.

A similar situation was considered in *Adm'r of Economic Stabilization* v. *Superior Court*, 75 P.R.R. 491 (1953), in

which we held that, where a building constructed after 1942 is leased on a month-to-month verbal contract before the maximum rent was determined by the then Rent Administrator, the determination of a reasonable maximum rent made by him exceeding the rent agreed upon in the contract applies to future as well as to existing leases on the date. of such determination. When the administrative order fixing the reasonable rent was issued in the present case, the existing lease relationship between the parties was on a month-to-month basis, since the one-year term provided in the eighth clause had already expired. The statement that "the contract shall be automatically extended on the first day of each succeeding month and for an indefinite period" does not have the scope attributed by appellees of creating a perpetual relationship at their sole option. This is so true that in the following clause reference is made to the lessor's obligation to serve notice on the lessee at least 90 days in advance in the event he wished to recover the dwelling for specified purposes. Moreover, the text copied is but a reproduction of the specific provisions of § 12 of the Reasonable Rents Act, 17 L.P.R.A. § 192, to the effect that "the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force."

The judgment rendered by the Superior Court, Mayagüez Part, on November 21, 1962, will be reversed and another rendered instead holding that the lessor-appellant may collect a rental which shall not exceed the maximum rent fixed by the Economic Stabilization Administrator. The costs are imposed to appellees and the sum of $300 for attorney's fees.